UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT M. CHITTENDEN (#527297)

VERSUS                                             CIVIL ACTION

21ST JUDICIAL DISTRICT COURT, ET AL      NUMBER 11-395-FJP-SCR

**ORDER**

Petitioner Robert M. Chittenden filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody.

Petitioner pled guilty to one count aggravated incest in the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana on August 20, 2007. Petitioner was sentenced to a 20 year term of imprisonment at hard labor.

Petitioner appealed asserting a single ground for relief: the trial court imposed an excessive sentence.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Robert M. Chittenden*, 2008-0418 (La. App. 1st Cir. 9/12/08), 992 So.2d 593 (Table), 2008 WL 4191010. Petitioner sought supervisory review by the Louisiana Supreme Court, which denied review on September 18, 2009. *State ex rel. Robert M. Chittenden v. State of Louisiana*, 17 So.3d 390, 2008-2680 (La. 9/18/09).

Petitioner filed an application for post-conviction relief

(PCRA) on October 14, 2009. Petitioner asserted the following grounds for relief:

(1) his guilty plea was not knowing and voluntary;

(2) he was denied a right of appeal; and,

(3) he was denied effective assistance of counsel when:

    (a) counsel coerced him into entering a guilty plea;

    (b) counsel misled him into believing he would not receive a maximum sentence;

    (c) counsel failed to object to the excessive sentence.

The trial court denied the PCRA on March 11, 2010.

Petitioner sought review by the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review on the showing made. Petitioner was placed on notice that the supplementation of his writ application would not be considered. Petitioner was advised that in the event he elected to file a new application, it must be filed on or before April 25, 2011. *State of Louisiana v. Robert M. Chittenden*, 2010-2188 (La. App. 1st Cir. 2/28/11). Petitioner did not re-file and did not seek review by the Louisiana Supreme Court.

In this court, the petitioner raised two grounds for relief: (1) he received an excessive sentence; and (2) he was denied effective assistance of counsel when counsel failed to object to the excessive sentence.

The State filed a Motion to Dismiss on grounds that the petitioner's ineffective assistance of counsel claim is unexhausted.[1] Petitioner opposed the motion[2] arguing that there are genuine issues of material fact as to whether the sentence is excessive and whether, when he enter the guilty plea, he had a justifiable belief that he would earn good time credits and be parole eligible. Petitioner did not address his failure to exhaust available state court remedies regarding his ineffective assistance of counsel claim and failed to offer any evidence to support exhaustion of this claim.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The principles of finality, comity, and federalism require a federal habeas petitioner to first provide the state court a full and fair opportunity to consider federal law challenges. *Duncan v. Walker*, 533 U.S. 167, 178-79,

---

[1] Record document number 8.

[2] Record document number 9.

121 S.Ct. 2120(2001). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas petition if it contained even a single unexhausted claim - the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982).

A review of the State court record showed that the petitioner failed to exhaust his second ground for relief - ineffective assistance of counsel.

As provided by § 2244(d)((2), when calculating the one year period of limitations established by § 2244(d)(1), the time during which a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted. As noted above, the petitioner has not filed a state court post-conviction relief application.

Although the Antiterrorism and Effective Death Penalty Act's (AEDPA) time limit does not run while a properly filed application for state post-conviction relief is pending, 28 U.S.C. § 2244(d)((2), it does run while the federal court considers an application for habeas review. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120(2001); *Hayes v. Wilson*, 268 Fed. Appx. 344 (5th Cir. 2008).

Because the pendency of the petitioner's § 2254 petition does not

4

toll the AEDPA time limit, dismissal of the petition in its entirety may bar access to federal court following completion of state post-conviction proceedings if his next § 2254 petition is untimely.

Therefore;

IT IS ORDERED that the petitioner shall have 14 days from the date of this order to file a motion to dismiss his second ground for relief. Failure to do so will result in issuance of a magistrate judge's report recommending the dismissal of the petition in its entirety as a mixed petition, which dismissal may adversely impact the petitioner's ability to timely file another § 2254 petition.

Baton Rouge, Louisiana, August 1, 2011.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE